CASE 55—PETITION ORDINARY—FEBRUARY 1.

# Thomas vs. Porter.

### APPEAL FROM FLEMING CIRCUIT COURT.

1. The abolition of slavery, by the action of the government, was a contingency, like that of the death or escape of the slave, to be risked by the purchaser.

2. An order for part of the amount of a judgment is not an assignment of the judgment, but evidence of an indebtedness which might be enforced on refusal to accept or pay the order.

W. H. CORD,                                         For Appellant,
                      CITED—

8 *B. Mon.*, 169 ; 2 *Dana* ; *Glass vs. Read.*

5 *J. J. M.*, 74 ; *Anderson vs. Bradford.*

W. S. BOTTS,                                         For Appellee,
                      CITED—

2 *Dana*, 191; *Hughes vs. Todd.*

4 *Littell*, 237; *Robertson's adm'r vs. White.*

5 *J. J. M.*, 75 ; *Anderson, &c., vs. Bradford.*

2 *Dana*, 414 ; *Early vs. McCarl.*

2 *B. M.*, 81; 2 *Wash.*, 191; 4 *J. J. M.*, 63.

1 *Duvall*, 326 ;• *Harrison vs. Wilson, Hicks, &c.*

1 *Cam.*, 238 ; *Fry vs. Bennett.*

*Civil Code, sec.* 124.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

If it was true, as alleged by the defendant, that the order for one hundred dollars was drawn by Thomas on Proctor, in consideration of the price of a slave sold to Thomas by the appellee, which, shortly afterwards, be-

came free by the amendment of the Federal Constitution, that contract did not import a guaranty of the service the slave might render; and the abolition of slavery, by the action of the government, was a contingency, like that of the death or escape of the slave, to be risked by the purchaser; and the fact that it happened, was no such failure of consideration as would constitute a defense to the action.

As to the other point raised, that the order was constructively an assignment of part of a judgment, and imposed on the appellee the duty of proceeding to enforce it, before looking to the drawer of the order, we do not so regard it; but, in our opinion, the circuit court properly treated it as the evidence of an indebtedness from the appellant to the appellee, which the latter might enforce on the refusal of Proctor to accept or pay the order.

Wherefore, the judgment is affirmed.